CHARLES WINELAND, APPELLANT, v. ANDREW COCHRAN, APPELLEE.

Practice:   TRIAL TERM OF COURT.   A cause was tried at the November, 1877, term of the district court, and taken under advisement, and a final decree rendered at the March, 1877, term of said court, and the bill of exceptions was signed on the fourth day of May thereafter; *Held*, on a motion to quash the bill of exceptions, that the trial term continued until a decision was rendered.

MOTION to quash bill of exceptions, and dismiss the cause.

*J. H. Broady* and *W. T. Rogers*, for the motion.

*E. W. Thomas* and *T. L. Shick*, contra.

MAXWELL, CH. J.

This is an appeal from a decree of the district court of Nemaha county.   The cause was tried at the No-

vember, 1877, term of said court, and taken under advisement, and a final decree rendered at the March, 1878, term, and the bill of exceptions was signed on the fourth day of May, 1878. The appellees now move to quash the bill of exceptions because not reduced to writing and signed during the term at which the trial was had, or within forty days thereafter.

In actions at law, where a trial is had and a verdict rendered in the case, it has been held that exceptions must be reduced to writing and signed during the term at which the trial is had, even though a motion for a new trial be made and continued to the next term. The reason is, that there is a finding in the case, and the party objecting to that finding must take the necessary steps to preserve his exceptions in case the motion for a new trial is overruled. But these reasons do not apply in cases where no decision is made at the term at which the trial was had. In such case the trial may be said to continue until a decision is rendered. And a party ought not to be subjected to the expense of reducing his exceptions to writing, and having them signed by the judge, until a decision is made by verdict or the finding of the court, as otherwise it might subject him to needless expense. The bill having been properly signed, the motion to quash is overruled.

MOTION OVERRULED.