JOHN FITZGERALD, PLAINTIFF IN ERROR, v. SAMUEL W. HOLLINGSWORTH, DEFENDANT IN ERROR.

**Bill of Exceptions.** An adverse party upon receiving a bill of exceptions must propose amendments thereto and return the same with his proposed amendments to the party preparing the bill within the time limited by law. If no amendments are proposed the judge, if satisfied of the correctness of the bill, may sign the same.

MOTION to quash bill of exceptions.

*Field & Holmes,* for the motion.

*Marquett, Deweese & Hall, contra.*

BY THE COURT.

This cause was tried in the district court of Lancaster county in March, 1881, and an order made allowing the plaintiff forty days in which to reduce his exceptions to writing. Within the time fixed by the order of the court the plaintiff prepared a bill of exceptions and submitted the same to the attorneys for the defendant for correction. This bill contained all the evidence offered or given in the trial except a certain contract, which had been mislaid. The attorneys for the defendant retained the bill in their office about one hundred days, when the plaintiff's attorneys procured the same, inserted the missing contract, and procured the allowance of the bill by the judge. The defendant now moves to quash the bill of exceptions because not signed within the time required by law.

The case is similar to that of *Deck v. Smith,* 12 Neb., 205. In that case it was held that it was the duty of the adverse party to propose amendments thereto and return the bill with his proposed amendments within the time limited by the statute to the party proposing the bill—

that is, in a case like this, within fifty days from the adjournment *sine die* of the court. The object of requiring the party preparing the bill to submit it to the adverse party for correction or amendment is to obtain an accurate bill. If there is any defect or omission in the proposed bill it must be pointed out and an amendment proposed in that regard. It devolves on the party objecting to the correctness of the bill to propose amendments to the same, and if he fails to do so within the time fixed by the law the judge, if satisfied of the correctness of the proposed bill, may sign the same. As the delay in signing the bill was caused by the neglect of the defendant's attorneys, the motion must be overruled.

MOTION OVERRULED.