WILLIAM F. DONOVAN, PLAINTIFF IN ERROR, v. FRANK-
LIN S. SHERWIN, DEFENDANT IN ERROR.

| 16 | 129 |
| 27 | 616 |
| 27 | 617 |
| 16 | 129 |
| 29 | 322 |
| 16 | 129 |
| 30 | 776 |
| 31 | 120 |
| 32 | 289 |
| 16 | 129 |
| 42 | 273 |
| 16 | 129 |
| 47 | 238 |

1.  **Bill of Exceptions.** Where a trial is had and verdict re-
    turned, a party excepting must reduce his exceptions to writing
    within the time fixed by law after the close of the term at which
    the trial was had, and the continuance of the hearing of the mo-
    tion for a new trial to a subsequent term will not extend the
    time in which to prepare a bill of exceptions.

2.  ————: AFFIDAVITS not embodied in a bill of exceptions may be
    stricken out of the transcript.

ERROR to the district court for Lancaster county. Tried
below before GASLIN, J., in absence of POUND, J.

*Foxworthy & Son*, for plaintiff in error.

*W. R. Kelly*, for defendant in error.

MAXWELL, J.

This case is submitted to the court on a motion of the
plaintiff to refile the bill of exceptions, and of the defend-
ant to strike out certain affidavits from the transcript be-
cause not properly a part thereof. The cause was tried in
the court below on the twenty-eighth of October, 1882,
before Hon. William Gaslin and a jury, and a verdict re-
turned in favor of the defendant. On the thirty-first of
that month the plaintiff filed a motion for a new trial, which
it is alleged Judge Pound refused to act upon. No bill of
exceptions was prepared at this term, nor within forty days
thereafter. At the February term, 1883, of the district
court of Lancaster county, Judge Gaslin again presided
in said court, and the motion for a new trial was over-
ruled and forty days from the rising of the court given to
settle the bill of exceptions. The plaintiff claims that the
bill was settled within the time fixed by statute, and there-

11

fore should be refiled. The transcript was stricken from the files at the July term, 1883, and no additional facts are stated as a cause for refiling so that the court would be justified in refusing to consider the motion, but inasmuch as no opinion was written on the former hearing, we will state the reasons for denying the motion.

Sec. 311 requires the party excepting to reduce his exceptions to writing within fifteen days or in such time as the court may direct, not exceeding forty days from the adjournment of the court *sine die,* etc. The bill is to be prepared by the party excepting at the trial term or within forty days thereafter. The statute of 1881 provides for extending the time in certain cases to eighty days. Now, the trial was had in October, 1882, and the verdict was rendered at that term. It was the duty of the plaintiff therefore to have reduced his exceptions to writing within forty days from the close of that term and presented the same to the adverse party for amendment or approval. The fact that the hearing on the motion for a new trial was continued to a subsequent term did not relieve the plaintiff from the duty of preparing the bill of exceptions at the time fixed by statute. The motion to refile must therefore be overruled.

II. The motion to strike the affidavit from the transcript must be sustained as not being a part of it. Affidavits must be brought into the record by a bill of exceptions. *Ray v. Mason,* 6 Neb., 101. *Credit Foncier v. Rogers,* 8 Id., 34. *Aultman v. Howe,* 10 Id., 8. *Oliver v. Sheeley,* 11 Id., 522. *Walker v. Lutz,* 14 Id., 275. *Kyle v. Chase,* Id., 528. *Sides v. Brendlinger,* Id., 491. An exception was made to this rule in *R. V. R. R. Co. v. Boyse,* 14 Neb., 132, where an affidavit was made part of the motion for new trial. That case, however, cannot aid the plaintiff as his affidavits were used merely as evidence. The motion to refile is denied, and the motion to strike the affidavits from the transcript sustained, and the case being submitted

generally we find no error in the record. The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.