IN THE

# SUPREME COURT OF NEBRASKA.

## JULY TERM, 1886.

PRESENT:

Hon. SAMUEL MAXWELL, Chief Justice.
" M. B. REESE, } Judges.
" AMASA COBB, }

---

FREEMAN C. DODGE ET AL., PLAINTIFFS IN ERROR, v.
V. S. RUNELS, DEFENDANT IN ERROR.

1. **Bill of Exceptions**: TIME OF PREPARATION. In a jury trial a motion was filed to set the verdict aside, and the cause continued by the court to the succeeding term, when the attorneys for the prevailing party entered a remittitur for $449.99 damages; whereupon the motion for a new trial was overruled. The losing party thereupon prepared a bill of exceptions, which, after being duly presented to the attorneys for the adverse party, was signed by the judge. *Held*, That the party had the statutory time in which to prepare a bill of exceptions after the filing of the remittitur.

2. **Verdict.** Where the testimony is conflicting and nearly equally balanced, the verdict will not be set aside as being against the weight of evidence.

3. **Replevin:** DAMAGES. Where property is taken from a party under an order of replevin, and the jury afterwards finds in his favor, the measure of damages, in case a return cannot be had, where there is no assessable value, is the value of the property at the time it is taken, with interest thereon.

3

ERROR to the district court for Hall county. Tried below before NORVAL, J.

*Thummel & Platt* and *T. O. C. Harrison,* for plaintiff in error.

*Thompson Brothers,* for defendant in error.

MAXWELL, CH. J.

This action was brought by the plaintiffs against the defendant to recover the possession of five hundred sheep and sixty-one lambs, which property was taken under the writ and delivered to the plaintiffs. On the trial of the cause the jury found the right of property and right of possession to be in the defendant, and found the value of the property to be the sum of two thousand and seventy-eight dollars, and the damages of the defendant to be the sum of four hundred and fifty dollars. The plaintiff thereupon filed a motion for a new trial, which was taken under advisement by the court, the journal entry being, "And the court not being fully advised in the premises, takes time to consider of its judgment until the next regular term of the court, to which time this cause is continued."

At the next term the attorneys for the defendant filed a remittitur of the sum of $449.99 damages; whereupon the court overruled the motion for a new trial, and entered judgment on the verdict.

The attorneys for the plaintiffs thereupon prepared their bill of exceptions, which, after being submitted to the attorneys for the adverse party, was presented to the judge within sixty days, and by him duly signed. A motion is now made in this court to strike the bill of exceptions from the files, for various reasons, the principal one being that it was not prepared and signed until the succeeding term after the verdict was rendered.

As we understand the order of the court below in continuing the cause, the entire cause was continued until the succeeding term—not only the hearing upon the motion, but the disposition of the whole case, including the preparation of the bill of exceptions; and this seems to have been the construction placed upon the order by the judge that tr.ed the cause, in signing and certifying the bill. It is evident that but for the remittitur the court would have set the verdict aside; and the attorneys for the plaintiffs had the right to rely upon this as sufficient cause of itself for a new trial. The defendant, therefore, by virtually confessing that sufficient error existed in the record to secure a new trial, cannot, upon removing that, deprive the parties of such other errors in the record as they may deem material in the case. The bill of exceptions, therefore, was duly prepared and signed, and the motion to quash it on that ground must be overruled.

2. The principal grounds of error relied upon are that the verdict is not sustained by sufficient evidence, and error in the measure of damages.

The testimony tends to show that in the summer of 1882 the plaintiffs entered into an arrangement with one F. E. Smith whereby Smith was to go west and purchase sheep, the plaintiffs to furnish the money and Smith to perform the labor, and the profits to be divided equally between Smith and the plaintiffs. Smith thereupon went west, and purchased 3,856 sheep, and brought them to Hall county. Smith there had the care of the sheep, and purchased feed for them, and in the fall of 1882 purchased from one Squires ten rams, in the name of Dodge & Co., plaintiffs, and placed them with the ewes in the flock. The price of these rams was $325, and was due March 1, 1883. No effort seems to have been made by the plaintiffs to pay this debt, although it is evident that they knew of its existence, and when it was due; and in May of that year Smith sold 500 ewes and 61 lambs to Squires, for the sum of $2,020, and

deducted the value of the rams, $325, from that sum. Squires, in a short time thereafter, sold the sheep and lambs in question to the defendant for $2,040. The defendant, without doubt, is a *bona fide* purchaser; and if Smith had authority to sell the sheep and lambs in question the defendant is entitled to protection. Upon this question there is a direct conflict in the testimony; but in our view a clear preponderance of it shows that Smith did have such authority. It would subserve no good purpose to review the testimony at length, but it fully sustains the verdict.

3. The testimony shows that the sheep in question were worth from $3.50 to $4.50 per head, and the lambs about $1.50. Some irrelevant questions were asked on both sides which were not material, nor, so far as we can see, prejudicial. The value evidently was computed upon what the sheep and lambs were worth at the time they were taken under the order of replevin, and the court allowed interest on that sum from the date of the verdict. This in our view is correct procedure where the property had no assessable value. Where the property cannot be returned the analogy of trover is followed and the measure is its value at the time of the conversion. *Garrett v. Wood*, 3 Kas., 231. *Berthold v. Fox*, 13 Minn, 462. Sedgwick on Damages (6th ed.), 624. *Romberg v. Hughes*, 18 Neb., 579. There is no error in the record of which the plaintiffs can complain; the judgment must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.