CITY OF SEWARD V. CATHERINE KLENK.

[FILED OCTOBER 16, 1889.]

Bill of Exceptions: FAILURE TO SERVE IN TIME. A jury trial was had in the district court at the March term thereof, 1888, the verdict being returned on the 7th day of the month. Within three days thereafter plaintiff in error filed a motion for a new trial. On the 30th of April the court adjourned *sine die*, without having passed upon the motion for a new trial. The next regular term convened on the 28th day of May, the same year. On the 30th day of July the motion for a new trial was argued and submitted to the court and on August 6 it was overruled. On the 26th day of September a bill of exceptions was served on defendant in error, who returned it October 11 without suggestion of amendment, and on the same day filed a protest with the judge against the allowance of the bill. On motion to quash it was *held*, that the bill was not served upon defendant in error within the time required by sec. 311 of the Civil Code, and the motion was sustained.

MOTION to quash bill of exceptions.

*D. C. McKillip,* and *E. P. Smith,* for the motion.

*R. S. Norval,* and *R. P. Anderson, contra.*

Cases cited by counsel are referred to in opinion.

REESE, CH. J.

This is a motion filed by defendant in error to quash the bill of exceptions, the principal ground being that the

bill of exceptions was not reduced to writing and served upon defendant in error within the time required by law. It appears from the record that the cause was tried to a jury at the regular March, 1888, term of the district court and a verdict was rendered in favor of defendant in error on the 7th day of that month. On the 9th day, and within three days after the return of the verdict, plaintiff in error filed its motion for a new trial. No order was asked by plaintiff in error, nor was any made by the court, allowing time, in addition to that fixed by law, within which to perfect a bill of exceptions. The court adjourned *sine die* on the 30th day of April without ruling upon the motion for a new trial. The next regular term of the district court convened on the 28th day of the following May, and continued by adjournment from time to time until the 17th day of September, when it again adjourned *sine die*. During that term, and on the 30th day of July, the motion for a new trial was argued and submitted to the court, and on the 6th day of August was overruled and judgment was rendered on the verdict. On the 26th day of September plaintiff in error submitted to defendant in error for examination and amendment the proposed bill of exceptions, which is now on file in this court. The bill of exceptions was retained by counsel for defendant in error until the 11th day of October, when it was returned to the attorneys for plaintiff in error, and a protest against the allowance of the bill on account of its having been served too late was filed with the judge. This, it may be observed, was fifteen days after the receipt of the bill. The bill was received by the attorney for defendant in error one hundred and forty-nine days after the final adjournment of the March term of court. Under the rule stated in *Donovan v. Sherwin*, 16 Neb., 129, construing section 311 of the Civil Code, it is apparent that the bill of exceptions was not served upon counsel for defendant in error within the time required by that section. The only

remaining question then is, Did the attorneys for defendant in error, by holding the bill of exceptions more than the ten days in which they were entitled to examine it, waive this objection to the bill?

In the examination of this question it must be borne in mind that the bill was not served upon defendant in error until after the expiration of the time fixed by law for such service, for it is said in *Donovan v. Sherwin* that "the bill is to be prepared by the party excepting at the trial term or within forty days thereafter." An order of the court continuing "causes, motions, and matters pending" at the adjournment could not dispense with the provisions of the law as to the time within which bills of exceptions are to be served. As has been heretofore said by this court, prior to the passage of our present law for the allowance of bills of exceptions, all exceptions must be reduced to writing at the time of the trial and during the term and prior to its final adjournment. (*Munroe v. Elburt*, 1 Neb., 174.) The time thus fixed was extended by the present provisions of the Code to fifteen days after the term and provision was made for such extension for eighty days by order of the court or judge. But there is no provision in the statute which would justify the conclusion that any longer time was intended. While it has always seemed to the writer that the proper rule for the legislature to have adopted was that the time should begin to run after the overruling of a motion for a new trial instead of after a verdict, yet that matter is, of course, for the legislature and not for the court. We must accept the law as we find it. It is insisted by plaintiff in error that this case is exactly parallel with the case of *Dodge v. Runnels*, 20 Neb., 33. Upon a re-examination of the doctrine of that case the writer is not entirely satisfied that it is wholly consistent with the rulings of the court in other cases and with the statutes. But that case is distinguished from others by reason of the fact that when the time arrived for the rul-

ing of the district court in the motion for a new trial, the attorneys for the defendant in error filed a remittitur of $449.99 damages, whereupon the motion for a new trial was overruled and the case is made to turn upon that concession by the attorneys for the plaintiff in the case that the verdict was, to that extent at least, wrong. While this distinction is clearly made in the opinion, yet it is the belief of the writer that the decision of that branch of the case was not in harmony with the statute and the prior decisions of this court, and should a similar case arise it should be overruled. But this distinction does not arise in this case, as no such concession has ever been made by defendant in error and it will, therefore, not be discussed. The cases cited by plaintiff will be noticed in the order of their occurrence in the reports.

*Wineland v. Cochran*, 8 Neb., 528, was where a trial was had to the district court in an equity case and after the submission of the evidence the cause was taken under advisement by the court until the next term, when the finding was announced and decree entered. It was held that the trial continued until a decision was rendered. In that case the then Chief Justice, MAXWELL, in delivering the opinion of the court said:

"In actions at law, where a trial is had and a verdict rendered in the case, it has been held that exceptions must be reduced to writing and signed during the term in which the trial is had, even though a motion for a new trial be made and continued to the next term. The reason is that there is a finding in the case, and the party objecting to that finding must take the necessary steps to preserve his exceptions in case the motion for a new trial is overruled. But these reasons do not apply in cases where no decision is made at the term at which the trial was had. In such case the trial may be said to continue until a decision is rendered;" thereby recognizing the rule here stated.

In *Scott v. Waldeck*, 11 Id., 525, it was held that "excep-

tions must be reduced to writing at the term at which the verdict was rendered or within the time fixed by statute therefor." The reason for the rule being that "the statute fixes the time within which the exceptions are to be reduced to writing and limits it to forty days after the trial term." But it was held in that case "by the court" that where one of the errors assigned was that the verdict was not supported by the evidence, the court would examine the testimony for the purpose of determining that fact, and a bill of exceptions signed by the judge *at the term at which the motion for a new trial was overruled* and which contained all the evidence would be considered for that purpose alone.

*Deck v. Smith*, 12 Id., 205, was where a judgment was rendered in February, 1880. Court adjourned *sine die* on the 21st day of the following March, giving forty days to the losing party in which to reduce his exceptions to writing. The bill was prepared, and on April 24 served on the attorney for the other party, who permitted it to remain in his office until the 7th day of June and proposed no amendment. On the 8th day of June the bill was presented to the judge, who signed it. The bill of exceptions was saved upon the ground that there were no laches upon the part of the party desiring the bill and that he served it upon the defendant in error within the time fixed by the order of the court and that the defendant in error retained it in his office not only for the ten days, but for a much longer time, when he returned it to the party seeking the settling of the bill. The court says in the opinion: "He cannot close his office or place the bill where it will be overlooked and forgotten, and then plead his own neglect to deprive the party excepting, of his rights."

*Fitzgerald v. Hollingsworth*, 13 Neb., 199, is very similar in its facts. The bill of exceptions, with the exception of an exhibit, was properly served within the time fixed by the trial court, but was retained by the counsel upon whom

it was served about 100 days, when it was returned to the plaintiff in error. The court in the opinion says: "As the delay in signing the bill was caused by the neglect of the defendant's attorneys, the motion must be overruled."

In *The Omaha, etc., Railroad Co. v. Redick,* 14 Neb., 55, the cause was tried to the district court without the intervention of a jury on the 1st day of March, 1882, and a decision was rendered on the 10th of that month, when a motion for a new trial was filed within legal time and taken under advisement by the court. On the 7th of April the court adjourned *sine die.* At the next term of the court and on the 10th of July the decision was rendered overruling the motion for a new trial, and time was given in which to settle the bill of exceptions, when court again adjourned *sine die* on the 11th of July. On the 21st the bill of exceptions was submitted to the defendant in error for correction; *he proposed various amendments and they were returned with and incorporated into the bill, which was signed by the judge without objection.* The court said: "When a party without objection proposes amendments to a bill of exceptions, thereby treating the same as valid and making no objection to the same being signed by the judge, he will waive all objection to the *time* within which the bill was presented to him for examination and amendment." The bill of exceptions was sustained.

*Smith v. Kaiser,* 17 Id., 184, was substantially to the same effect.

*Morehead v. Adams,* 18 Id., 571, is not in point upon the question now under consideration. In all the cases referred to, with one exception, the party presenting the bill of exceptions to the defendant in error was within the time allowed by law and the order of the court, and in that case it was held that the objection was waived. The rule, therefore, seems to be that when a bill of exceptions is served within the time required by law, the party upon whom it is served cannot retain it until after the expiration of the

time in which it should be signed and thus by his own act deprive the opposite party of the bill; and that if a bill is served after the time within which it should have been served, the failure to serve in time may be waived; and that accepting the bill and offering amendments will be held to be such waiver.

This being true, plaintiff in error having served the bill after the expiration of the time within which it could have been legally served, and not being in such condition as to be deprived of any existing rights and no amendment having been offered or other act done which would amount to a waiver, the mere fact that the bill was not returned within ten days after its receipt (when received out of time) would not be a waiver of the default on the part of plaintiff in error. The bill of exceptions, having been signed after the adjournment of the term at which the motion for a new trial was overruled, cannot be retained for any purpose. The motion is therefore sustained.*

MOTION SUSTAINED.

THE other Judges concur.

---

*Modified May 13, 1890, so as to allow bill of exceptions to be retained, to apply to the question of the sufficiency of the evidence to sustain the verdict and judgment, only.