WILLIAM R. JONES v. WILLIAM A. WOLFE.

FILED OCTOBER 16, 1894. No. 5204.

After a bill of exceptions has been quashed it can be considered for no further purpose in the case in which it was originally filed in this court.

ERROR from the district court of Gage county. Tried below before BROADY, J.

*E. O. Kretsinger* and *Geo. B. Everitt*, for plaintiff in error.

Jones v. Wolfe.

*George A. Murphy, contra.*

RYAN, C.

On motion, the bill of exceptions in this case was quashed at the September term of this court, 1892. The questions argued pertained to matters of fact which render it necessary to resort to the bill of exceptions to determine what, if any, merit is involved. Counsel for plaintiff in error cite the cases of *Donavan v. Sherwin*, 16 Neb., 130, *Scott v. Waldeck*, 11 Neb., 525, and *City of Seward v. Klenk*, 27 Neb., 615, in support of the proposition that a bill of exceptions, though quashed, may be examined to ascertain whether or not there was sufficient evidence to sustain the verdict. One of the cases cited tends to sustain the view contended for, and yet it seems to us, upon full consideration of the matter, that this is wholly without warrant, for if the bill of exceptions is quashed, its contents, as showing what the evidence was, are no more matters for the consideration of this court than if there had been no attempt to evidence them by a bill of exceptions. In Webster's International Dictionary the law definition of the word "quash" is given as "to abate, annul, overthrow, or make void; as, to quash an indictment." By the ruling of this court quashing the bill of exceptions, it was rendered void; hence it can be consulted for no purpose connected with the further proceedings in the case. The judgment of the district court is, therefore,

AFFIRMED.