## MICHAEL LAMB v. EMALINE BUKER.

### [FILED MAY 18, 1892.]

**Conveyances:** DEFECTIVE ABSTRACT: REMOTE DAMAGES. A
party who was the actual owner of a farm and in possession
thereof, traded the same, subject to a mortgage of $800, but the
grantee, in consequence of the omission of a deed in the grant-
or's chain of title on the record, was unable to effect a loan on
the farm, in consequence of which the mortgage was foreclosed
and the grantee evicted. No fraud was charged against the
grantor and he afterwards procured a second deed to supply the
missing link in his chain of title. *Held,* That damages for the
loss of the farm were too remote and could not be recovered
against the grantor.

ERROR to the district court for Boone county. Tried
below before TIFFANY, J.

*F. S. Howell,* and *Albert & Gondring,* for plaintiff in
error, cited: *Grimmett v. Askew,* 2 S. W. Rep. [Ark.],
707; *Ryan v. State Bank,* 10 Neb., 527; *Backus' Adm'rs
v. McCoy,* 17 Am. Dec. [O.], 588; *Cummins v. Kennedy,* 14
Id., 53, and note; *Ferriss v. Harshea,* 17 Id., 785; *Kent
v. Welch,* 5 Id., 266; *Mills v. Rice,* 3 Neb., 85; *Mills v.
Saunders,* 4 Id., 194; *Lipp v. Horbach,* 12 Id., 372;
*Thompson v. Stetson,* 15 Id., 112; *B. & M. R. R. Co. v.
Crockett,* 17 Id., 570; *Bunz v. Cornelius,* 19 Id., 115.

*J. S. Armstrong,* and *George W. Brown, contra.*

MAXWELL, CH. J.

This action was brought by the defendant in error
against the plaintiff in error to recover the sum of $1,525,
damages alleged to have been sustained by reason of a
breach of the covenants of a deed for the conveyance of
certain real estate. On the trial of the cause in the court
below, a jury was waived and judgment rendered in favor
of the defendant in error for the sum of $1,012.67.

It is alleged in the amended petition "that on the 13th day of January, 1886, she was the owner of the following described premises, viz.: The east ½ of lot number 12, block number 4, in the village of Cedar Rapids, Boone county, Nebraska.

"Second—The defendant, Michael Lamb, on the 13th day of January, 1886, pretended to be the owner of the following described premises, viz.: The northwest quarter of section number 22, township number 19, range number 8 west, of the 6th P. M., in Boone county, Nebraska.

"Third—That on or about the 13th day of January, 1886, the plaintiff and the defendant entered into an oral agreement to exchange each with the other the above described property upon the following described terms and conditions, to-wit: The plaintiff's property was agreed to be of the value of $1,600. The land above described and claimed by the defendant was agreed to be of the value of $2,000. There was represented to be a mortgage upon the defendant's land of $800. The plaintiff herein agreed to execute to the defendant herein a deed of general warranty conveying the property owned by her and described above, free and clear of all incumbrances. The defendant herein agreed to execute and convey to the plaintiff by deed of general warranty the land claimed by him and described above, free and clear of all incumbrance excepting one certain mortgage of $800, which the plaintiff was to assume, and the defendant agreed further to pay to the plaintiff the sum of $400 in addition thereto.

"Fourth—The plaintiff further says that on the said 13th day of January, 1886, with her said contract, and fully relying upon the statements of the defendant, she executed a deed of general warranty to the defendant, and delivered the same to him.

"Fifth—The defendant, in a pretended compliance of his said agreements above mentioned, executed and delivered to the plaintiff a deed of general warranty of the forego-

ing described land, free and clear of all incumbrances, excepting a mortgage for $800, and in addition thereto paid to the plaintiff the sum of $400 in cash.

"Sixth—The plaintiff took possession of the land deeded to her by the defendant, and the defendant took possession of the premises deeded to him by the plaintiff.

"Seventh—The plaintiff further says that on or about the 10th day of July, 1886, she being desirous of obtaining a loan on said land, discovered for the first time that the defendant had no title to said land, and that there was two years' taxes past due, and that the land had been sold for said unpaid taxes, and that there was three years' interest past due and unpaid upon said mortgage of $800, and thereupon this plaintiff notified the defendant that he had no title to said land, and that there was a large sum of money due for taxes, and that the land had been sold for taxes, and that there was a large sum of money due and unpaid for interest as aforesaid, and demanded of the defendant that he pay said interest and taxes and make the title to said land good; whereupon, at said time and divers other times the defendant agreed to make said title good, and agreed to pay said delinquent taxes and past due interest, but has never done so, although often requested so to do.

"Eighth—The plaintiff further says that after she took possession of the said land, and relying upon the promise of the defendant to make her title good and pay the past due interest and taxes, she made permanent improvements on said land to the amount of $125.

"Ninth—The plaintiff further says that by reason of the non-payment of the interest and taxes aforesaid the mortgage upon said land has been foreclosed and the title to the same is not now, nor never has been, in the plaintiff, and by reason of the false and fraudulent representations of the defendant she was caused to part with her property, which was of the value of $1,600, and was caused to make the valuable improvements on the land as aforesaid of $125,

and has received therefor but the sum of $400 in payment, to the plaintiff's damage in the sum of $1,325."

It will be observed that the plaintiff below took the land subject to the $800 mortgage; that that mortgage was foreclosed and the eviction resulted from such foreclosure; it also appears that the plaintiff in error had purchased the land from one Adam Cushing, and obtained a deed therefor, but either for want of business experience or neglect, he failed to have the deed recorded, and it was lost. Afterwards, when it was claimed he had no title, he procured a second deed from Mr. Cushing. Why the deed was not procured at an earlier date is not explained, although it is possible that Mr. Cushing's residence was unknown, as the second deed seems to have been made in Furnas county. So far as the record discloses, the plaintiff in error was the actual owner of the land in question when he conveyed the same to the defendant in error, although his deed was not on record. By reason of this break in the chain of the title the defendant in error was unable to effect a loan on the premises for the sum of $1,000, and therefore the mortgage was foreclosed and the premises sold. In the absence of any charge of fraud, would the plaintiff in error be liable for such damages? We think not. Even if the plaintiff in error was a wrong-doer, he would be held responsible only for the proximate and not the remote consequences of his actions. This is illustrated by Judge Parsons (3 Parsons on Contracts, p. 179) as follows: "It is an ancient and universal rule, resting upon obvious reason and justice, that a wrong-doer shall be held responsible only for the proximate and not for the remote consequences of his actions. One does not pay money which is due; the creditor in his reliance on this payment has made no other arrangements; he is therefore unable to meet an engagement of his own; his credit suffers, his insolvency ensues, and he is ruined. All this is distinctly traceable to the non-payment of his debt by the defendant, yet he shall

be held liable only for its amount and interest; *causa proxima; non remota spectatur;* and the proximate cause of the plaintiff's insolvency was his non-payment of the debt he himself owed. The cause of this cause was the defendant's failure to pay his debt. But this was a remote cause, being thrown back by the interposition of the proximate cause. In such a case as this the reason of the rule is plain enough. If every one were answerable for all the consequences of all his acts, no one could tell what were his liabilities at any moment. The utmost caution would not prevent one who sustained any social relations from endangering all his property every day. And as very few causes continue to operate long without being combined and complicated with others, it would soon become impossible to say which of the many persons who may have contributed to a distant result should be held responsible for it, or in what proportion all should be held." Here, so far as appears, there was no intention on the part of the plaintiff in error to injure the defendant in error, and although the latter was unable to effect a loan by reason of the defective title on the record, yet the plaintiff in error cannot be charged with that loss without a showing of willful wrong on his part. There appears to have been about $60 unpaid taxes, however, and nearly $200 back interest on the mortgage, a part of which the plaintiff in error paid in corn, but a part of which still remains unpaid and for which he is still liable. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.