STATE OF NEBRASKA, EX REL. VICTOR H. COFFMAN, v. W. C. WALTON, JUDGE, ET AL.

FILED NOVEMBER 28, 1893. No. 6541.

Bill of Exceptions: MANDAMUS TO REQUIRE SIGNATURE OF JUDGE: LACHES. A negotiable promissory note secured by a mortgage on real estate was made and delivered by one W. to C. C. duly indorsed the note and delivered the same to F., who thereafter brought an action of foreclosure, and obtained a decree finding the amount due on the note and mortgage, and that W. and C. were liable for any deficiency after the sale of the mortgaged premises. The decree was rendered April 18, 1892,

to which no objection was made, and the judgment for deficiency rendered June 26, 1893, whereupon it is sought to compel the judge before whom the case was tried, or his successor, to sign a bill of exceptions of the evidence introduced on the trial of the foreclosure suit to show that no evidence was introduced except the note and mortgage. *Held*, That the application came too late.

ORIGINAL application for *mandamus* to compel the respondents to sign a bill of exceptions. *Writ denied.*

*John O. Yeiser*, for relator, cited : *Cobb v. Thornton*, 8 How. Pr. [N. Y.], 66 ; *Bank of Rochester v. Emerson*, 10 Paige [N. Y.], 115 ; *Davidson v. Myers*, 24 Md., 538.

MAXWELL, C. J.

This is an application for a writ of *mandamus* to compel the defendants to sign a bill of exceptions. It is alleged, in substance, in the petition, that on the — day of October, 1891, Charles F. Fohs filed his petition in the district court of Douglas county against Charles W. White, Victor H. Coffman, *et al.*, the object of which was to foreclose a mortgage on certain real estate therein described; that on the 18th day of April, 1892, a decree of foreclosure and sale was duly rendered in said cause for the sum of $2,822.23, of which no complaint is now made; that the mortgaged property was sold, to which no objection is made; but after the sale of such property, to-wit, on the 26th day of June, 1893, a judgment for deficiency was duly entered against Coffman, and it was then sought to have the defendants sign a bill of exceptions in the original decree rendered April 18, 1892. A statement of the case will show that no authority exists for the preparation and signing of said bill after so great a lapse of time, and the defendants properly refused to sign the same. The case is somewhat similar to that of *Stover v. Tompkins*, 34 Neb., 465, but the question as to the effect of the original decree

36

is not before the court. The defendants did right in refusing to sign the bill and the

WRIT IS DENIED.