Hitchcock, J.
The first question for the consideration of the court in this ease is, whether the letter of Dersey, of December 23, 1837, was properly received in evidence. The objection urged to this letter is, not that it contains matter irrelevant to the issue, but that Dorsey himself should have been examined as a witness, to prove the facts stated in the letter, so that the defendants might have had the benefit of his cross-examination. The letter seems to be considered as a species of hearsay evidence, but it is entirely of a different character. And had Dersey *himself been a [226 witness before the court, he would not have been permitted to testify as to the contents of this letter unless the foundation for such testimony had been first laid by proving its loss. So long as the letter itself could be produced, it was the best and only legal evidence to prove its own contents. And it was competent evidence if it conduced to prove any fact material for the plaintiff to sustain his action.
In order to sustain that action it was necessary for the plaintiff to prove that he had an insurable interest in the boat. It was not pretended that he was the actual owner, nor was it necessary he should' be, if he bad an interest in her preservation, for it is not necessary that the insured should have a title to the thing-insured : all that is required is that he should have an interest in its preservation. 1 Marsh, on Ins. 114, 115. So a creditor having a claim on goods has a right to insure. Hughes, 30, 31.
The plaintiff in this case, although he had not title to the boat, had been the previous owner, and had sold her to others, of whom Dersey was one, but had not received the pay in full. To secure himself he might have taken a lion upon the boat, or if the owners consented he might take a policy in his own name as collateral security. With the insurers it could make no manner of difference whether the policy was taken in his name or in the name of the actual owners. The purport of the letter was to authorize the *227 plaintiff to take the policy in his own name for the purpose of vesting himself with collateral security. Was it not competent evidence?
If a man would show himself entitled to real estate, he produces his deed and proves its execution, not by the grantor himself, but by disinterested witnesses. So if one claim title to personal goods, if that title depends upon a bill of sale,-the instrument itself is produced, and its execution proved by disinterested witnesses. It is not necessary, even if it were proper, to call the vendor. So in the case before us, the letter being a written instrument in virtue of which the plaintiff claimed an insurable interest in the boat, was properly admitted in evidence upon proof of its execution, or of the signature of the writer.
227] *But it is said the court erred in not directing the jury that the letter alone was not sufficient to prove an interest in the plaintiff. Had this been the only testimony conducing to prove an interest, it might have been proper for the court to have expressed an opinion upon its effect. It was not so, however. It was but an item of evidence, and there was other testimony to the same point. Under these circumstances the jury were instructed, and we think properly, to look into all the evidence, and from the whole to ascertain the truth of the case.
The next question to be considered, is whether Cosgrove was an admissible witness. From his testimony it appears that he was pilot of the boat, and, at the time of the accident, at the wheel. It is urged by counsel that he is interested in the event of the suit. And it is said that if he willfully run the boat upon the cypress lands upon which she struck, causing the loss, it was barratry in him, and the loss not within the policy, although he would himself be liable to his owners. And further, that if the loss resulted from gross negligence or unskillfulness on his part, then the loss was not covered by the risk taken by the defendants, though he him. self would be liable to the owners. This last position is founded upon the decisions.of this court, that if a loss happen in consequence of the negligence or want of skill in the crew of a boat, the underwriters are not liable. As the pilot would be liable to his owners for an act of barratry, or for a loss resulting from his own negligence or want of skill, it is claimed that he has a manifest interest in the event of the suit, as a recovery against the underwriters would compensate the insured and exonerate him. This *228 argument, if well founded, will go to exclude the pilot of a steamboat from testifying in any ease between owners and insurers, and in any case where there is an action against owners for a loss in consequence of improper navigation or of collision.
The liability of a pilot must depend upon the control which he has over the navigation of the boat or vessel. If, like the crew generally, he is under the control of the captain, and is bound to follow his directions, it is not perceived that he can *be sub- [228 jectod to any greater liability than any other of the crew. Upon the Atlantic coast when a pilot undertakes to carry a vessel into port, he has the chief command so far as that particular navigation is concerned. So far the authority of the captain ceases. If, in navigating the western waters, pilots occupy the same relative position, it would seem to be right and proper that they should be liable for all damages sustained in consequence of their negligence or misconduct. Whether it is so or not must dopend upon the usage of the particular navigation. Without determining this point, however, for the purpose of this particular case, we will consider that a pilot would be liable as claimed by defendants’ counsel.
No rule of law is better known than that a person who has an interest in the event of a suit can not be a witness. And this rule is never departed from except in cases of certain municipal corporations, or quasi corporations. If, by the event of the suit; the individual offered as a witness can gain or lose anything, no matter how great or how small the amount, he must be excluded. It is many times difficult to determine a question of interest, and for the determination of such question another rule has been adopted, and that is to inquire whether the verdict in the case on trial could be given in evidence in a subsequent proceeding against the witness, either for or against him. If it could, it is conclusive of the question of interest. But it does not follow that if the verdict could not be given in evidence in a subsequent proceeding against the witness, that there is no interest. If the decision of the case one way will exonerate the witness from liability entirely, while if decided the other way he will remain exposed to a suit; there is such an interest as will exclude him although the verdict and judgment can not bo given in evidence against him at a subsequent trial. This principle is fully sustained by the authorities cited by defendants’ counsel.
*229, 230 There is still another rule of evidence which it is proper to refer to. If the liability of a witness will remain the same whichever way the suit on trial is determined, his interest is said to be 229] balanced; he is not incompetent. That interest *which will affect the competency of a witness must be an interest in the event of the suit, not an interest in the question merely; such an interest renders no one incompetent.'
Apply these rules of evidence to tho case under consideration. This is not an action against the owners of the boat for an injury sustained in consequence of mismanagement or collision. If it were, it might be doubtful whether the pilot would be a competent witness. It is an action by tho insured against the insurers, for a loss within the risk taken by the defendants. On the trial it was not pretended that there had been any act of barratry, nor was it pretended that the accident occasioning the loss happened in consequence of any negligence or want of skill in the pilot, who was examined as a witness. But suppose this had been the case, and the proof had been such as to have required a verdict in favor of the defendants. In a subsequent suit by the owners against the pilot for his negligence or want of skill, could this verdict have been given in evidence against him? We apprehend not. It is not claimed by counsol that it could have been thus given in evidence ; but that a verdict and judgment against the insurers will compensate the insured for their loss, and therefore exonerate the pilot. But this consequence does not follow. If, as insisted by counsel, the pilot would be answerable to the owners for any loss sustained in consequence of his negligence or want of skill, his liability is not discharged. The defendants having satisfied tho loss are subrogated to the rights of the insured, and may have their action against the pilot. If he would have been liable to his owners, he is liable to them'. His interest, then, is equally balanced, or more properly speaking, he has no interest. He can neither gain nor lose by the event of this suit.
A similar question was raised in tho case of Howell v. Cin. Ins. Co., 7 Ohio, 276, pt. 2, in which it was decided, after full argument, that the captain of a steamboat was a competent witness to prove the loss in an action by the insured against the insurers. In that case the pilot was examined as a witness without objection. Both 280] upon the authority of that *case and upon principle, we *231 think that Cosgrove, the witness, was properly admitted to testify.
The motion for a new trial is overruled, and judgment will be entered on the verdict.
Motion overruled.