## Monroe v. Elburt.

1. PRACTICE: *Exceptions to charge.* To make exceptions to the charge of the court to the jury available to the party excepting, the exception must be reduced to writing, together with so much of the charge as is necessary to explain it.

2. ———: *Bill must be signed in term.* If the bill of exceptions be not reduced to writing and tendered during the term at which the trial is had, it will be disregarded.

The facts are fully stated in the opinion.

*A. J. Poppleton*, for plaintiff in error.

*Redick & Briggs*, for defendant in error.

In representing the defence in this case, we would state :

1st. That in order for the court to take or consider the motion for a new trial in this case, the record must show that the plaintiff excepted to the overruling of the new trial by the court below at the time that it was done, which does not appear. *Morgan* v. *Boyd*, 13 *Ohio State Reports*, 281.

2d. That in order that the court consider any of the supposed errors that took place during the proceeding of this cause in the court below, it must appear that the said plaintiff, at the time each supposed error was made or each question was passed on, excepted to the ruling, and that a bill or bills of exceptions were made out and signed before the adjournment of that term of the court. *Doe* v. *Brown*, 6 *Ohio State Reports*, 12 ; *Kline et al.* v. *Wyne, Haynes & Co.*, 10 *Ohio State Reports*, 221.

No memorandum of the judge purporting to be the charge to the jury, can be considered in this case unless the plaintiff has embodied the same in his bill of exceptions which is not done in this case. *Hallum* v. *Jacks*, 11 *Ohio State Reports*, 692.

LAKE, J.

Monroe *v.* Elburt.

This case was tried in the District Court while we were yet a territory.

The supposed errors consist in the refusal of the court below to give certain instructions asked by the defendant, as well as those actually given to the jury upon the trial.

It is objected on the part of the defendants in error, that this court cannot consider the alleged errors for the reason that the record discloses the fact, that the bill of exceptions was not reduced to writing and signed by the presiding judge during the term at which the trial took place.

To make exceptions to the charge of the court to the jury available to the party excepting, it is necessary that the exceptions be reduced to writing, together with so much of the evidence as is necessary to explain it. *Vide Code, sec.* 309.

The record before us contains none of the testimony adduced upon the trial. The instructions asked may have been entirely irrelevant. If so, then, even though abstractly considered, they may have been correct legal propositions ; it was not error to refuse to give them to the jury. *Kugler* v. *Wiseman,* 20 *Ohio Reports,* 361.

But we cannot consider here the exceptions taken. The case was tried by a jury on the 14th day of April, 1866, and the court closed its term on the 18th day of the same month. The bill of exceptions was settled and signed by the judge on the 6th of September following. This was in direct violation of section 308 of the Code, which provides, that " time may be given to reduce the exceptions to writing, but not beyond the term. If not reduced to writing during the term, it must be regarded as no exception." *Kline and Berry* v. *Wynne, Haynes & Co.,* 10 *Ohio State,* 223.

There being no exceptions in the record which we can consider, the judgment of the court below must be affirmed.

Judgment affirmed.