Day, J.
The original action, being authorized by statute, was brought in the Court of Common Pleas of Jefferson county, by the administratrix of the estate of Andrew J. Porter, deceased, against the railway company, to recover damages sustained by the death of decedent, occasioned by the alleged negligence of the servants of the company in running one of its trains.
Judgment was rendered against the company, and the district court, on error, affirmed the judgment. This petition in error is prosecuted to reverse these judgments.
A reversal is sought chiefly for error in overruling a motion for a new trial. Eour grounds are relied upon in argument : 1. That the court, on the trial, admitted improper evideuce. 2. That the verdict was against the law, and was not sustained by the evidence. 3. That the court erred in the charge given to the jury. 4. For misconduct of a juror, and of one of the counsel for the prevailing party.
1. The evidence excepted to related to the speed of the train shortly before it reached the place of the injury complained of. It was given in connection with what the conductor of the train said about it, and was not clearly inadmissible. At most, it was only immaterial; and the court, in its final charge, so instructed the jury. It is, moreover, *330 manifest from the whole record that the company could not have been prejudiced by the ruling of the court in admitting the evidence. The judgment can not, then, be reversed on this ground. Thayer v. Luce, 22 Ohio St. 62.
2. Upon the overruling of the motion for a new trial, a bill of exceptions was taken which embodied all the evidence. Looking to the whole evidence, we do not regard the verdict as being so manifestly against the law and evidence as to warrant a reviewing court to reverse the judgment on that ground.
We do not deem it important to state more fully the grounds of our conclusion; for in addition to a review of a mass of testimony, it would involve merely a reconsideration of questions which have been discussed and settled in numerous reported cases upon the same subject.
3. No exception wras taken at the trial to the charge of the court; nor was any alleged error therein made a ground of the motion for a new trial. There is, then, no foundation for claiming a reversal of the judgment solely upon the ground that the court erred in the charge to the jury, without reference to the whole merits of the case. Where, however, the whole evidence is made part of the record, and it appears that the verdict is contrary to law, the overruling of a motion for a new trial may be reviewed', on error, for that reason, though no exception was taken to the ruling of the court. There is, then, nothing' for review in relation to the charge of the court other than what was considered under the general objection, that the verdict was against the law. Kline v. Wynne, 10 Ohio St. 223; Mowry v. Kirk, 19 Ohio St. 375.
4. As to the alleged misconduct of a juror and the counsel of the prevailing party, the evidence relied upon in support of the motion for a new trial shows, that, after an adjournment, about ten o’clock at night, during the progress of the trial and before the case was finally submitted to the jury, one of the jurors and one of the counsel for the plaintiff below, on the way to their respective lodgings, casually met, and, while passing a saloon, the attorney re *331 marked that he was tired, and thought he would take a glass of ale, and asked the juror if he drank ale; on receiving an affirmative reply, he invited him to go in and join him in taking a glass of ale, which they did, remaining there about five minutes, drinking but a single glass each, during which time, nor at any time while they were together, was any allusion made to the case. The evidence further tended to show that neither the drinking nor conversation between them had any influence in the case, and that the whole transaction was merely casual and without any evil intent on the part of either the juror or the attorney.
The rigor-of the ancient rule in regard to jurors eating and drinking, the reason for it having ceased, has passed away. Still, inasmuch as intoxicating drinks may so easily disqualify them for an intelligent discharge of their duties, courts are, in all cases, jealous of their use by jurors; and some of high authority,refusing to draw aline short of total abstinence, have held that the drinking of spirituous liquors by a juror, during the progress of atrial, is a sufficient ground for setting a verdict aside. But more generally, the stringency of this rule has been so far relaxed, that the mere fact of drinking spirituous liquors by a juror in a civil case during an adjournment of the trial, though censurable, is hot regarded a sufficient reason for overturning a verdict, unless there be some reason to suspect it may have had some influence on the final result of the case; for otherwise an innocent party would be punished for the censurable conduct of another person, which has occasioned no injury to either party. Wilson v. Abrahams, 1 Hill, 207; Hilliard on New Trials, 204, ch. 10, § 8.
But the present case involves the further element, that intoxicating drink was taken by a juror upon the invitation and at the expense of the attorney for the prevailing party.
Here, again, authorities are not wanting to sustain the ancient rule, that if jurors eat or drink at the cost of the party for whom they afterwards find, it disannuls their ver *332 dict. Wilson v. Abrahams, supra; Walker v. Hunter, 17 Geo. 414. More especially the least attempt on the part of the prevailing party or his attorney, to influence or corrupt a juror, though it be not successful, is held to have the effect to vitiate a verdict rendered in his favor, as a just punishment for his misconduct. The rule is founded in public policy, the better to preserve the purity of trial by jury. Hilliard on New Trials, 202, ch. 10, § 6. “But if the act done was a mere accident or inadvertence, without any improper design; and if it can be safely assumed that it had no improper influence on the mind of the jurors, in such case there can be no just or reasonable ground to disturb the verdict.” Vaughn v. Dotson, 2 Swan, 348.* Accordingly, it has been held, that the casual treating of a juror by the prevailing party or one in his employ, without any design to bias or influence him, where there is no cause to believe that the juror was influenced by the occurrence, is not a ground for a new trial. Hilliard on New Trials, 204, ch. 10, § 8.
It has, therefore, been maintained that the' sufficiency of such ground for a new trial must, in each particular ease, be left to the discretion of the court to which the motion for a new trial is made. Nor is this view, in a limited sense, opposed to the provisions of the code of civil procedure. Section 297 declares that a verdict “ shall be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party.” “ Misconduct of the jury or prevailing party” is one of the causes enumerated. But whether the misconduct affects “ materially the substantial rights of the party,” must be determined by the court upon the facts of each particular case. While such determination must of necessity rest largely in the discretion of the court; it must still be a judicial discretion, controlled by the law affecting the substantial rights of the party. Since, then, the determination in each case must depend upou the view taken of the facts adduced in support of the motion, where the decision *333 does not clearly conflict with the law as applied to the plain facts of the case, the ruling of the court upon well-settled principles can not be reversed.
That the right of the parties in a jury trial, to have an impartial and unbiased jury, is a substantial right, can not be questioned ; and it is equally clear, that any tampering with jurors, during the adjournments of a trial, forthepurpose of influencing their decision, where it has that effect, materially affects that right. Moreover, any attempt of a party to corrupt the jurors is an invasion of the other party’s right; for he ought not to be subjected to the hazard of having them biased against him; nor to the task of proving that he has been prejudiced thereby, for, from the nature of the case, it might be impossible to be shown otherwise than by the jurors themselves, who, for reasons of public policy, are in general only competent as witnesses to sustain, and not to invalidate their verdict. Weis v. The State, 22 Ohio St. 486.
The mere fact of treating jurors by a party during the progress of a trial, as we have seen, so far evinces a purpose to influence them, that, unexplained, it is held to be a ground for vacating a verdict rendered in his favor.
Where, therefore, a party or his attorney is guilty of such misconduct, the case comes within the provisions of the statute, requiring a verdict in his favor to be vacated on the application of the party aggrieved.
The rule to be adduced, then, from these considerations, is, that where it appears that during the progress of a trial, the prevailing party, or his counsel in the case, has furnished intoxicating liquors to a juror, it is a good ground for a new trial, unless it is shown that it was not intended to influence his action in the case, and that it had no influence on his mind as a juror.
Applying this rule to the case made on the motion for a new trial in the present case, we can not say that the court erred in overruling the motion. It is quite apparent that the treating of the juror was casual and not intended to *334 bias his action, and that it had no improper influence on his mind as a juror.

Judgment affirmed.