Cyrus V. Scott, plaintiff in error, v. Alonzo W. Waldeck, defendant in error.

**Motion for New Trial.** Where a motion for a new trial is decided at a term subsequent to that at which it is made, and one of the grounds assigned therein is that the verdict is not sustained by the evidence, a bill of exceptions, containing all the testimony signed at the term at which the motion is overruled, will be considered for the purpose of determining that question.

MOTION to quash bill of exceptions.

*Laird & Smith,* for the motion.

*Batty & Ragan, contra.*

BY THE COURT.

This case was tried at the June, 1879, term of the district court of Adams County, and a verdict rendered for the defendant. A motion for a new trial was then made by the plaintiff, which was taken under advisement by the court and overruled at the next term, and a bill of exceptions containing all the testimony was then signed by the judge. The defendant now moves to quash the bill of exceptions on the ground that it was not signed at the term at which the verdict was rendered.

When exceptions are taken to the admission or rejection of testimony in an action tried to a jury, such exceptions must be reduced to writing at the term at which the verdict is rendered, or within the time fixed by statute thereafter. *Kline v. Wynne,* 10 Ohio State, 223. *Warden v. Boyd,* 13 Id., 271. The reason is the statute fixes the time within which the exceptions are to be reduced to writing, and limits it to forty days after the trial term. If the motion for a new trial is taken under advisement and decided at a subsequent term of the court, that does not operate as an extension of the time within which a bill of exceptions must be signed. But when one of the errors assigned is that the verdict is not supported by the evidence, this court will examine the testimony for the purpose of determining that fact, and a bill of exceptions, signed by the judge at the term at which the motion for a new trial was overruled, which contains all the evidence, will be considered for that purpose alone.

MOTION OVERRULED.