CITY OF SEWARD V. CATHERINE KLENCK.

[FILED NOVEMBER 18, 1890.]

1. **Review:** FAILURE TO SERVE BILL OF EXCEPTIONS IN TIME.
   Where a bill of exceptions which contained all the testimony
   was not presented to the attorneys of the adverse party for cor-
   rection and amendment for a considerable time after that fixed
   by law, and was then signed by the judge against the protest
   of the attorneys of the defendant in error, *held*, that while
   errors which occurred during the trial could not be reviewed, yet
   the evidence will be considered for the sole purpose of determin-
   ing whether or not there was sufficient to sustain the verdict.

2. **Evidence** examined, and *held*, to support the verdict.

ERROR to the district court for Seward county. Tried
below before NORVAL, J.

*Ed. P. Smith*, and *D. C. McKillip*, for plaintiff in error.

*R. S. Norval*, and *R. P. Anderson*, contra.

MAXWELL, J.

This is an action brought by the defendant in error
against the plaintiff in error to recover damages sustained
by her from an alleged defect in a sidewalk in the city of
Seward by reason of which she fell and fractured her left
leg.

On the trial of the cause the jury returned a verdict in
her favor for the sum of $1,200, and a motion for a new
trial having been overruled, judgment was entered on the
verdict.

The special question was submitted to the jury whether
Mrs. Klenck at the time of the injury was on the side-
walk, and the jury answered in substance that she was. In
view of the condition of the case this finding is important.

After the case was docketed in this court a motion was made to quash the bill of exceptions, because it was not reduced to writing and presented to the attorney of the adverse party within the time required by law.

It appears from the record that the trial took place on the 7th day of March, 1888, and court adjourned *sine die* on the 30th day of April, 1888. No time was taken by the plaintiff in error to reduce the exceptions to writing, so that the time to prepare the bill and submit it to the attorneys of the defendant in error would expire on the 15th day of May of that year. The bill was not presented to the attorneys of the adverse party or trial judge for his approval and signature until the 11th day of October, 1888, and was signed by him against the protest of the attorneys of the defendant in error.

It is the duty of the court to give a liberal construction to all provisions of the statute relating to the preparation and signing of bills of exceptions, and, if possible, to protect the rights of the parties by sustaining such bills. In the case at bar, however, for some reason which does not clearly appear, the bill was not prepared and presented to the attorneys of the defendant in error until October next after the trial. No valid excuse is offered for this delay. The judge evidently considered the evidence proper to submit to this court, and signed the bill which contains all the testimony.

It is apparent that the bill, so far as it embodies the exceptions taken during the trial, cannot be considered, but may be retained for the sole purpose of determining whether the evidence is sufficient to sustain the verdict. (*Scott v. Waldeck*, 11 Neb., 525; *Donovan v. Sherwin*, 16 Id., 130.) The record shows that the jury viewed the place where the accident occurred and made special findings that the defendant in error was on the sidewalk when injured.

The attorneys for the city called certain witnesses who

testified that the defendant in error was angling from the sidewalk to the street crossing, and that the accident in fact occurred in the street outside of the sidewalk.   The testimony upon this point was in direct conflict and proper for the jury to decide.

The jury had a much better opportunity of determining the facts than is possessed by this court, and the verdict appears to be based upon the testimony.   The judgment is therefore

AFFIRMED.

COBB, CH. J., concurs.

NORVAL, J., having tried the case in the court below, did not sit.