STATE OF NEBRASKA, EX REL. REGINA MARROW, V. GEORGE W. AMBROSE.

FILED FEBRUARY 18, 1896.    No. 7823.

Time to Prepare Bill of Exceptions: NEW TRIAL: MANDAMUS. Where a trial has been had and a motion for a new trial sustained, the time for preparing a bill of exceptions embodying the evidence on that trial is fixed at the latest by the term at which the motion for a new trial was sustained, and not by the term at which final judgment was rendered, or at which a new trial was had, or a new trial after such second trial denied.

ORIGINAL application for *mandamus* to compel the respondent to sign a bill of exceptions. *Writ denied.*

*V. O. Strickler*, for relator.

References: *Scott v. Waldeck*, 11 Neb., 526; *City of Seward v. Klenck*, 30 Neb., 775; *Artman v. West Point Mfg. Co.*, 16 Neb., 572; *Fleming v. Stearns*, 79 Ia., 258; *State v. Hopewell*, 35 Neb., 824; *Preble v. Bates*, 40 Fed. Rep., 745; *Stocking v. Morey*, 14 Colo., 319; *Cowan v. Cowan*, 16 Colo., 337; *Henze v. St. Louis, K. C. & N. R. Co.*, 71 Mo., 644; *Woods v. Lindvall*, 48 Fed. Rep., 74; *Commissioners of Baltimore County v. Cummings*, 26 Atl. Rep. [Md.], 1111; *Rayl v. Brevoort*, 51 N. W. Rep. [Mich.], 693; *Riddlesbarger v. McDaniel*, 38 Mo., 140; *Hill v. Egan*, 160 Pa. St., 122; *Stonesifer v. Kilburn*, 94 Cal., 33.

*William O. Gilbert*, contra.

References: *Sohn v. Marion and Liberty Gravel Road Co.*, 73 Ind., 79; *Hicks v. Person*, 19 O., 437; *Kline v. Wynne*, 10 O. St., 223; *Morgan v. Boyd*, 13

O. St., 271; *Donovan v. Sherwin,* 16 Neb., 130; *Wine-land v. Cochran,* 8 Neb., 529; *Jones v. Wolfe,* 42 Neb., 272; *Birdsall v. Carter,* 16 Neb., 422; *Greenwood v. Craig,* 27 Neb., 669; *State v. Walton,* 38 Neb., 496; *Schields v. Horbach,* 40 Neb., 103.

IRVINE, C.

This is an original application for a writ of *mandamus* requiring the respondent, one of the judges of the fourth judicial district, to settle and sign a bill of exceptions in the case of the relator, Regina Marrow, v. Emily Hespeler, tried before the respondent. An answer to the alternative writ was presented raising issues of fact, and a referee, appointed by the court for the purpose, has made a report of the evidence taken, together with his findings of fact and conclusions of law. The relator moves for a confirmation of this report. The respondent moves to set it aside and for judgment. Our conclusion on one question of law presented by findings of fact which are not attacked, renders it unnecessary to consider any of the other exceptions to the report.

The referee finds that the action of Marrow v. Hespeler was tried at the May, 1894, term of the district court and a verdict returned in favor of the plaintiff, the relator in this action, for $4,000; that on the same day a motion for a new trial was filed by the defendant, which was on the following day sustained; that the May, 1894, term adjourned July 14, 1894. At the September, 1894, term the cause was again tried, resulting, November 17, 1894, in a verdict for the defendant, and forty days—thereafter extended to eighty days—from the adjournment of that term was allowed for preparing and serving a bill of exceptions that

the September term adjourned January 26, 1895.
February 19 Emily Hespeler died, and February
26 William O. Gilbert was appointed special ad-
ministrator and the action revived in his name.
On April 13 the bill of exceptions, which defend-
ants seek to compel the respondent to allow, was
served on the defendant, who returned it, refusing
to take action for the reason that it had not been
served within the time provided by law, and for a
further reason not necessary to consider; that the
bill of exceptions so tendered contained only the
evidence and proceedings on the first trial of the
case at the May, 1894, term, resulting in the ver-
dict which was set aside. Final judgment was
entered November 17, 1894, at the September
term.

It will be observed that the foregoing facts
present the question as to whether, when a trial
has been had and the verdict set aside, a party
seeking to procure a bill of exceptions preserving
the evidence on that trial must move in the matter
within the statutory period after the first trial, or
whether he may wait until final judgment or the
overruling of a motion for a new trial after a sub-
sequent trial, and have his bill settled as of the
later term. The statute, as it stood when this
controversy arose, was, so far as material, as fol-
lows: "When the decision is not entered on the
record, or the grounds of objection do not suffi-
ciently appear in the entry, the party excepting
must reduce his exceptions to writing within fif-
teen (15) days, or in such time as the court may
direct, not exceeding forty (40) days from the ad-
journment of the court *sine die*, and submit the
same to the adverse party or his attorney of rec-
ord for examination and amendment if desired."

(Code of Civil Procedure, sec. 311.) By a later clause the judge, for cause shown, may grant forty days' additional time. The question now before us seems to be here presented to this court for the first time, although there has been much controversy from the ambiguity of the statute as to whether the term referred to meant the term at which the verdict was returned, or the term at which the motion for a new trial was overruled. The act of 1895, fixing the latter time, has set this question at rest. (Session Laws, 1895, p. 311, ch. 72.) The course of decision under the old statute, we think, leads to a certain conclusion in this case. There are many decisions holding that the term referred to in the statute is the term at which the verdict was returned, and not the term at which the motion for a new trial was ruled on. (*Monroe v. Elburt*, 1 Neb., 174; *Wineland v. Cochran*, 8 Neb., 528; *Scott v. Waldeck*, 11 Neb., 525; *Donovan v. Sherwin*, 16 Neb., 129; *City of Seward v. Klenck*, 27 Neb., 615, 30 Neb., 775.) In *Dodge v. Runels*, 20 Neb., 33, it was held that where the setting aside of a verdict was saved by the entry of a remittitur at a term following its rendition, the time for settling the bill ran from the later term; but this was placed upon the ground that, had it not been for the remittitur, the verdict would have been set aside and the party seeking the bill would have had no occasion for one. In *State v. Hopewell*, 35 Neb., 822, the court held that the term fixing the time in an equity case was that at which the decision was announced, and not that of its formal entry upon the journal of the court. This is really in line with the first cases cited, and not as the relator contends in support of her position, because in a case tried to the court the findings

State v. Ambrose.

take the place of the verdict. The case did not
distinguish between the time findings were an-
nounced and the time judgment was pronounced
on the findings. It quite clearly appears, as is
usual in equity cases, that the findings and judg-
ment were concurrent acts. In *State v. Walton*,
38 Neb., 496, a decree of foreclosure was rendered
April 18, 1892, and June 26, 1893, a deficiency
judgment entered. It was thereafter sought to
have settled a bill of exceptions containing the
evidence leading to the original decree, but the
court held it was too late. This was evidently
upon the ground that, although the deficiency
judgment only was attacked, it had been the duty
of the defeated party to preserve his bill of excep-
tions within the statutory time after the proceed-
ings which led to the findings fixing his personal
liability, and that it was not sufficient to proceed
after the final judgment enforcing that liability.
This case, therefore, is directly opposed to the
relator's contention that she might wait until
final defeat and then preserve the record of the
first trial. In *Schields v. Horbach*, 40 Neb., 103, it
was held that where it is sought to preserve a bill
of exceptions embodying the evidence on an in-
terlocutory motion, this must be done within the
statutory period after the term at which the mo-
tion was ruled on, and not after the trial of the
case. We think all these cases lead irresistibly to
the conclusion that the term referred to in the
statute is, if not the term at which the evidence
was taken, at latest the term at which an order
was made based on that evidence. It is imma-
terial to the present case how the old controversy
should have been settled, because the trial was
here had and the motion ruled on at the same

term.   But if any regard is to be paid to the long
line of decisions to which we have referred, we
must hold that the bill should have been settled
within the statutory period after that term ex-
pired.   The relator argues that such holding
imposes an unnecessary burden upon litigants;
that, until final judgment, it is uncertain that a
party defeated at one step of the case will meet
ultimate defeat, and that he should, therefore, be
permitted to await the final event before incur-
ring the labor and expense of preparing a bill of
exceptions.   In support of this argument it is
urged that there is in each court a short-hand
reporter, who is a public officer, whose notes are
public records, and that no difficulty arises in
obtaining a true bill even after great lapse of
time.   The authenticity of the reporter's notes
was left in some doubt by *Spielman v. Flynn*, 19
Neb., 342, and *Lipscomb v. Lyon*, 19 Neb., 511; but
these cases were explained in *Smith v. State*, 42
Neb., 356, where the true character of the short-
hand reporters and their records is discussed.
The notes are not public records.   The reporter's
certificate to a transcript thereof does not authen-
ticate them so as to permit their introduction in
evidence.   Parties in preparing and the judge in
settling a bill of exceptions are not bound by the
reporter's transcript.   There is, indeed, nothing
to require parties to resort to such transcript in
the preparation of a bill.   The settlement of a
bill rests finally upon the judge's determination
of what occurred at the trial; and when the accu-
racy of a proposed bill is properly challenged,
the judge must settle the matter in accordance
with the truth, and not blindly in accordance
with a reporter's transcript.   Therefore, the pol-

State v. Ambrose.

icy of the law requires that the bill of exceptions should be settled within such reasonable time fixed by statute after the taking of the evidence sought to be preserved, that the parties and the judge may bring to their aid their own recollections; and this is a much more important consideration than the saving to the parties of labor and expense. The referee evidently based his conclusion of law in favor of the relator on the cases of *Scott v. Waldeck* and *City of Seward v. Klenck, supra.* In each it was held that a bill settled after the trial term would be considered to ascertain whether the evidence sustained the verdict. These cases in that feature have for years not been followed in the practice of this court, and to that extent they have been recently expressly overruled by *Jones v. Wolfe,* 42 Neb., 272, and *City National Bank of Hastings v. Thomas,* 46 Neb., 861.

The plaintiff, after the final trial, endeavored to preserve her rights by moving for a rehearing of the first motion for a new trial. This proceeding, however, did not operate to extend her time for settling the bill here presented.

The foregoing considerations dispose of the case. The parties argue quite extensively, and with some bitterness, questions affecting the merits of the Hespeler case, and the regularity of the court's action in sustaining the first motion for a new trial. These questions are, however, all foreign to the merits of this proceeding. The referee's conclusion of law on this branch of the case must therefore be set aside, the findings of facts confirmed, and the

WRIT DENIED.