STATE OF NEBRASKA, EX REL. ROBERT B. MORTON ET AL.,
   .V. CHARLES T. DICKINSON, JUDGE.

56  251|
60  192|

FILED OCTOBER 5, 1898.  No. 10366.

1. **Bill of Exceptions: TIME TO SERVE.**  Where no order is made extending the time, a bill of exceptions, including the evidence given on the trial of a case, must be served within fifteen days from the final adjournment of the term at which the motion for a new trial is ruled on.

2. ———: ———.  If there be no motion for a new trial, as in equity cases, the bill must be served within fifteen days from the final adjournment of the term at which judgment is rendered.

3. ———: FORMER TRIALS: EVIDENCE.  Where there have been two or more trials, the bill of exceptions cannot, after the ruling on the final motion, reach back indefinitely and bring into the record the evidence adduced on former trials.

4. **Motion for New Trial.**  The motion for a new trial mentioned in section 311 of the Code of Civil Procedure, as amended in 1895, does not necessarily mean the motion immediately preceding the judgment.  It means in every case the motion following the particular trial, the events of which it is sought to make authentic history.

ORIGINAL application for mandamus to require respondent to settle, allow, and sign a bill of exceptions. *Writ denied.*

*Byron G. Burbank,* for relators.

*Joel W. West, contra.*

SULLIVAN, J.

This is an original application for a writ of mandamus to require the respondent, one of the judges of the district court of Douglas county, to settle, allow, and sign a bill of exceptions.  The case of the Western Seed & Irrigation Co. against Robert B. Morton and others was tried before the respondent during the September, 1897, term of said court and resulted in a verdict for defendants. The plaintiff moved for a new trial, and its motion was

sustained on January 6, 1898. On the 15th of the same month the September term was adjourned *sine die*. A second trial of the action, at the May, 1898, term, resulted in a verdict for the plaintiff. On June 18 a motion for a new trial was overruled and judgment rendered on the verdict. On the same day the term was adjourned *sine die*. Afterwards, and within the time limited by the court at the May term for that purpose, the draft of a bill of exceptions was served by the defendants and presented to the respondent for allowance. This draft embraced the evidence taken on the first trial, and its substantial correctness is conceded. Was it the duty of the judge to allow the bill with this evidence included? That is the question for decision.

Prior to 1895, section 311 of the Code of Civil Procedure, so far as it is material to this inquiry, was as follows: "When the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing within fifteen (15) days, or in such time as the court may direct, not exceeding forty (40) days from the adjournment *sine die*, and submit the same to the adverse party or his attorney of record for examination and amendment if desired." There was much diversity of opinion among the members of the bar as to whether the time limited in this section for the settlement of a bill of exceptions commenced to run from the adjournment of the term at which the trial was had or from the adjournment of the term at which the result of the trial was judicially declared and entered of record. The construction of the law by the district judges was not uniform and the decisions of this court left the matter in some doubt. After an exhaustive review of our cases bearing upon this question Mr. Commissioner IRVINE in *State v. Ambrose*, 47 Neb. 235, stated the conclusion of the court in the following language: "Where a trial has been had and a motion for a new trial sustained, the time for preparing a bill of exceptions em-

bodying the evidence on that trial is fixed at the latest
by the term at which the motion for a new trial was sus-
tained, and not by the term at which final judgment was
rendered, or at which a new trial was had, or a new trial
after such second trial denied." Owing to the broad dis-
cretion vested in the district court to grant new trials,
as well as to the fact that this court has rarely disap-
proved the action of the district court in the exercise of
that discretion, the practice of preserving the evidence
supporting a verdict which has been set aside on motion
of the losing party has never been much in vogue. The
contention of the bar was that a party ought not to be put
to the expense of procuring a bill of exceptions until the
result of the trial was known. It was not claimed, so
far as we know, that, under the statute as it existed prior
to 1895, a bill of exceptions could be allowed covering
anything more than the evidence which was the basis of
the decision objected to. In *State v. Ambrose, supra,*
after showing that the reporter's notes are not a conclus-
ive record of what transpired at the trial, it is said:
"Therefore, the policy of the law requires that the bill
of exceptions should be settled within such reasonable
time fixed by statute after the taking of the evidence
sought to be preserved, that the parties and the judge
may bring to their aid their own recollections." Con-
sidering then the general policy of the law as shown by
the foregoing excerpt, and bearing in mind the mischief
resulting from the diverse constructions given by the
courts to the old section, we experience no difficulty in
reaching the conclusion that the purpose of the amend-
ment of 1895 was to render certain what was previously
in doubt, and to settle definitely the right of suitors to
have a bill of exceptions allowed within a limited period
after the adjournment of the term at which the result of
the hearing or trial is formally announced. It was not
intended that such bill of exceptions should reach back
and take in the evidence adduced on former trials. The
language of the amended section is that "the party ex-

cepting must reduce his exceptions to writing within fifteen (15) days, or in such time as the court may direct, not exceeding forty (40) days from the adjournment *sine die* of the term of court at which judgment is rendered or at which the motion for a new trial is ruled on." (Code of Civil Procedure, 1895, sec. 311.) The amendment was merely the insertion of a prepositional phrase defining and limiting the meaning of the word "court" as it stood in the original section. In law cases the decision on the motion to vacate the verdict is the action of the court that finally determines the result of the trial. When the motion is denied, the unsuccessful litigant is reliably informed of the necessity of securing the settlement and allowance of a bill of exceptions if he desires a review of errors of law occurring at the trial. In suits in equity the announcement of the findings and the rendition of judgment are nearly always concurrent acts, and if there be no motion for a new trial the bill of exceptions is to be settled within the statutory period following the adjournment of the term. The motion for a new trial mentioned in the statute is not necessarily the motion immediately preceding the judgment. It means in every case the motion following the particular trial, the events of which it is sought to make authentic history. The writ is

DENIED.