STATE, EX REL. FIRST NATIONAL BANK OF PLATTSMOUTH,
v. BASIL S. RAMSEY.

FILED MAY 2, 1900.  No. 11,263.

Bill of Exceptions: SERVICE. Where no order is made fixing a time for preparing a bill of exceptions including the evidence adduced on the hearing of a motion to set aside a default and vacate a decree, such bill must be served within fifteen days from the final adjournment of the term at which the motion was determined.

ORIGINAL application for mandamus to compel respondent, a district judge, to settle and allow bill of exceptions. *Writ denied.*

*A. N. Sullivan,* for relator.

*H. D. Travis* and *C. S. Polk, contra.*

NORVAL, C. J.

This is an original application to this court for a peremptory writ of mandamus to compel the respondent, late judge of the district court for Cass county, to settle and allow a certain bill of exceptions tendered to him by relator, in a suit pending in said district court wherein relator was plaintiff and John C. Peterson and others were defendants. It seems that a decree was entered in the cause against defendants upon default at the September, 1898, term of the district court of Cass county, and during the same term of court on a motion of defendants the default was set aside, the decree vacated and defendants were permitted to file answers. Subsequently, at the

June term, 1899, of said court, the cause was tried, and taken under advisement, and a final decree was entered on January 3, 1900. Plaintiff presented a motion for a new trial, which was overruled, an exception was entered and forty days was given plaintiff to reduce its exceptions to writing. On February 3, 1900, a bill of exceptions was tendered the respondent, including therein sixty pages containing evidence relating solely to the motion to set aside the default, which the respondent refused to incorporate in, or make a part of, the bill of exceptions.

This decision was entirely right. The hearing was had, and decision on the motion to set aside the default and vacate the first decree rendered, at the September, 1898, term of the district court, and a bill of exceptions preserving the evidence adduced on such hearing, should have been reduced to writing and submitted to opposing counsel within fifteen days from the final adjournment of said term of court, unless additional time was by the court allowed for that purpose. No such draft of a bill of exceptions was prepared within fifteen days from the final adjournment of the September, 1898, term of the district court, nor until February 3, 1900. The respondent, therefore, properly excluded from the prepared bill, the evidence adduced on the hearing of the motion to vacate the default. *State v. Dickinson*, 56 Nebr., 251.

WRIT DENIED.