STATE, EX REL. FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, RELATOR, V. LEONARD W. COLBY, DISTRICT JUDGE, RESPONDENT.

FILED JANUARY 13, 1922.   No. 22257.

1. **Mandamus.** A writ of mandamus should not be issued if a relator does not establish a clear legal right to the performance by the respondent of the particular duty sought to be enforced.

2. **Bill of Exceptions.** A person who desires to present a bill of exceptions of the rulings of the district court upon a motion for a new trial is not required to procure a transcript from the official court reporter of affidavits filed in support of the motion, nor to obtain his certificate to the same.

3. ————: EXTENSION OF TIME: DISCRETION OF COURT. Where an affidavit presented in support of a motion for a new trial is on file in the office of the clerk of the district court, and a copy was in the possession of the party desiring a bill of exceptions settled,

and this was the only evidence necessary to be embodied in the bill, it is not an abuse of discretion by the trial court to refuse to allow an extension of time, over the statutory 15 days, for the presentation of a bill of exceptions.

Original proceeding in mandamus to compel the granting of extension of time for settling of bill of exceptions. *Writ denied.*

*Doyle, Halligan & Doyle,* for relator.

*Sackett & Brewster* and *E. O. Kretsinger,* for respondent.

Heard before LETTON, DAY and DEAN, JJ., BLACKLEDGE and TEWELL, District Judges.

LETTON, J.

This is an original proceeding in this court to obtain a writ of mandamus commanding Leonard W. Colby, judge of the district court for Gage county, to extend the time for settling a bill of exceptions in the case of Farmers Mutual Insurance Company v. Nellie Gumaer, Mary Gumaer, and George Lippold, for an additional 40 days.

The facts seem to be that a default judgment was rendered on May 28, 1921, in said case against the insurance company on cross-petitions, in the absence of plaintiff's attorneys, and without notice to them of the date the case would be tried. A motion for a new trial was filed on May 31. The court passed upon this motion on June 4, in the absence of plaintiff's attorneys, and the term of court adjourned *sine die* the same day. On June 11, in reply to a letter, respondent wrote to plaintiff's attorneys that his recollection was that the motion for a new trial had been overruled "a week or more ago" and advised them to write to the clerk of the court for information. On June 15 the attorneys were informed by the clerk of the district court that the motion had been overruled on June 4. They at once ordered a bill of exceptions from the court reporter. They were unable to obtain the proposed bill of exceptions from the reporter until after the

expiration of 15 days after the adjournment of the term. Application was then made to respondent to allow additional time to prepare and present the bill of exceptions, which was denied on the ground that the attorneys had not used due diligence. There being no appeal allowed by statute from such an order, this proceeding was instituted.

This is not a proceeding in equity, and whether plaintiffs are entitled to relief in such a forum is not before us. Mandamus is a purely legal remedy, and unless relator has a clear legal right to the writ it will not be granted. The statute as to extensions of time for the preparation of bills of exceptions provides: "In cases where a party seeking to obtain the allowance of a bill of exceptions has used due diligence in that behalf, but has failed to secure the settlement and allowance of the same as herein required, it shall be competent for the judge who tried the cause, upon due showing of diligence, and not otherwise, to extend the time herein allowed." Rev. St. 1913, sec. 7880.

The question presented is whether the decision of the judge as to the lack of exercise of due diligence is sustained by the evidence, or is such a gross abuse of discretion as to warrant the issuance of the writ.

No evidence was preserved at the time the judgment was rendered. The only evidence presented to the court at the hearing upon the motion for a new trial was an affidavit by T. J. Doyle, one of the attorneys for plaintiff. This affidavit, which is very brief, sets up in substance the facts hereinbefore stated as to the taking of the default judgment and other relevant facts. In the letter ordering the bill of exceptions it is said:

"Please include in this bill of exceptions the affidavit filed May 31, 1921, of T. J. Doyle, in support of the plaintiff's motion for a new trial.

"I am inclosing you herewith a copy of said affidavit, so you can see what it is. You can either use this one, after comparing it with original on file in your court, or

make one yourself, as you desire. *Only be sure* and put this affidavit in the bill of exceptions so the affidavit can be presented in the supreme court.

"Court adjourned June 4, 1921. If you cannot get this bill of exceptions to us, within the 40 days, so it can be served, kindly see that the forty days' extension of time is taken."

Formerly the complaining party prepared his own bill of exceptions to the rulings of the court from his notes of the evidence, and presented them to the adverse party, tendering the evidence as he understood it to have been given. The opposite party then tendered such amendment as he deemed proper, and, if there was any dispute between them, this was settled by the trial judge. The legislation creating the office of court reporter in no wise changed or interfered with the former law relating to the allowance and presentation of bills of exceptions, and this is still a legal method. Since the creation of the office of official court reporter, it has become customary to preserve all the evidence and present it as the bill of exceptions, and there is a tendency on the part of courts to require the bill of exceptions to contain all the evidence. The former practice, however, is recognized in the rules of this court with reference to the preparation of a "case stated," and there is much to be said in favor of the old practice requiring only enough of the evidence to present to a reviewing court, clearly, the ruling complained of. In this case a copy of the only evidence used at the hearing on the motion for a new trial, viz., the affidavit of Mr. T. J. Doyle, was in the hands of the relator in time enough to have presented it on June 20, which was the last day, the fifteenth day falling on Sunday. In fact, on the 11th day of June the trial judge had informed the attorneys that his recollection was that the motion for a new trial had been passed upon a week or more previous to that time, though they were not aware that court had adjourned *sine die* on the 4th. Relators seem to be of the opinion that a reporter's certificate is

necessary to a bill of exceptions. In *State v. Ambrose,* 47 Neb. 235, Commissioner Irvine said, with respect to the reporter's notes: "The notes are not public records. The reporter's certificate to a transcript thereof does not authenticate them so as to permit their introduction in evidence. Parties in preparing and the judge in settling a bill of exceptions are not bound by the reporter's transcript. There is, indeed, nothing to require parties to resort to such transcript in the preparation of a bill. The settlement of a bill rests finally upon the judge's determination of what occurred at the trial; and when the accuracy of a proposed bill is properly challenged, the judge must settle the matter in accordance with the truth, and not blindly in accordance with a reporter's transcript." It has become customary in some of the district courts to allow 40 days time as a matter of course, and relator's attorneys no doubt relied upon this custom, but it is only a custom.

The cases of *Greenwood v. Craig,* 27 Neb. 669, *State v. Dickinson,* 56 Neb. 251, *State v. Ramsey,* 60 Neb. 191, and *Horbach v. City of Omaha,* 49 Neb. 851, bear upon the points presented here, as to extension of time for the allowance of bills of exception.

We are of the opinion there was no abuse of discretion by the district court, in refusing to allow the extension of time required. The writ of mandamus is therefore refused.

WRIT DENIED.