## STUBBS v. THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

No. 6592. Decided July 19, 1944. (150 P. 2d 783.)

Rehearing denied November 10, 1944.

See 4 C. J. S. Appeal and Error, Sec. 324. 3 Am. Jur. 47.

MOYLE, RICHARDS & McKAY, of Salt Lake City, for plaintiff.

RALPH T. STEWART and EDWIN B. CANNON, both of Salt Lake City, for defendants.

McDONOUGH, Justice.

Petitioned obtained an alternative writ of mandate to require the district court to settle her bill of exceptions or show cause why it should not do so.

Plaintiff recovered a verdict on the first trial against the defendant corporation and another. The trial court granted the motion of defendants in that case for a new trial, but no formal written order was prepared, signed or entered. Only a minute entry was made. The parties went to trial again before another judge. On the second trial verdict was rendered in favor of defendants, "no cause of action." Plaintiff then made a motion for new trial, which motion was denied; defendants serving on plaintiff notice of the ruling of the court on this latter motion. Plaintiff then obtained an extension of time for settlement of her bill of exceptions, and thereafter filed notice of appeal. Judge Ellett, who presided at the second trial, settled the bill of exceptions pertaining to the second trial, but on objections of defendants, Judge Leverich, who presided at the first trial, refused to settle the portion of the bill relating thereto.

Defendants, in response to the alternative writ and in support of the defendant Judge's action in refusing to settle the proposed bill relating to the first trial, elected to show cause by the following contentions: (1) That plaintiff was

required to prepare and serve her bill of exceptions relating to the first trial within 30 days after the decision of the trial court granting a new trial. (2) That plaintiff took no exception to the decision of the court granting a new trial, either at the time of the ruling or at any other time, and that she therefore did not preserve any exception. (3) That although no written notice was given of the ruling of the court granting a new trial, notice was waived by conduct of plaintiff in demanding a resetting of the case for trial. (4) That plaintiff neither settled the bill nor obtained any extension of time in which to settle it, as far as proceedings relating to the first trial were concerned. (5) That the submission of the reporter's transcript of testimony was insufficient as a bill of exceptions.

In support of the first proposition respondent takes the position that upon a new trial being granted, exceptions relating to the trial had must be prepared and served within thirty days after the entry of the order granting a new trial, or during any extension of time granted by the trial judge. On the other hand, it is the contention of plaintiff that the time does not begin to run until there is an appealable judgment entered, and that while a party may elect to settle a bill of exceptions sooner it is not necessary to do so until a judgment or order is entered from which an appeal can be taken. It is pointed out that no appeal lies from an order granting a motion for a new trial.

As indicated by this court in *Little* v. *Gorman,* 39 Utah 63, at page 68, 114 P. 321, at page 322: "An appeal now lies only from a final judgment, and not from an order granting or overruling a motion for a new trial. The ruling granting or refusing a motion for a new trial may, however, be reviewed on an appeal from the judgment, if properly preserved and presented by a bill of exceptions."

To the same effect is *Hirabelli* v. *Daniels,* 44 Utah 88, at page 92, 138 P. 1172, at page 1173. There, replying to the argument that when reviewing the order denying the motion for new trial the court confines itself to the proceedings

relating to the last trial and proceedings subsequent thereto except matters of pleading, the court said:

"True, in the cases where it was held a ruling refusing a new trial was reviewable on an appeal from a final judgment, the ruling related to the trial resulting in the judgment appealed from, while here the ruling granting a new trial relates, not to the trial resulting in the judgment appealed from, but to a prior trial and to a prior judgment. But the statute does not say, orders and rulings made on or which relate to the trial, but all orders and rulings, etc., 'in the action or proceeding.' This is such a ruling or order * * * in the action or proceeding. And since it is properly preserved and presented by a bill, we think it is before us for review on the appeal from the final judgment. * * *"

See also *Perrin* v. *Union Pacific R. Co.*, 59 Utah 1, 201 P. 405, and *Chatelain* v. *Thackeray*, 98 Utah 525, 100 P. 2d 191.

Although the time in which to appeal and to have reviewed the order granting a new trial does not in any event commence to run until a final judgment is entered, does the time in which to prepare, serve and settle a bill of exceptions commence to run from the time the order granting a new trial is entered, or does the time only begin to run when there has been a final judgment from which an appeal may be taken? The statutes relating to settlement of exceptions contain the following provisions:

"104-39-4. Bill of Exceptions—Preparation and Service.

"(1) When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within thirty days after the entry of judgment, if the action was tried with a jury, or after service of notice of the entry of judgment, if the action was tried without a jury, or after service of notice of the determination of a motion for a new trial, prepare a draft of a bill and serve the same, or a copy thereof, upon the adverse party.

"(2) In case an appeal is taken before the bill of exceptions is settled, service of the notices aforesaid shall not be necessary and time shall run from service of his notice of appeal.

"(3) Such draft must contain all the exceptions taken upon which the party relies. * * *

"104-39-5. Id. Settlement.

"An exception to any decision *may* be presented to the court or judge or judicial officer or referee for settlement at the time the

decision is made, and after being settled shall be signed by the judge, judicial officer or referee and filed with the clerk.

"104-39-6. Id. Of Decisions After Judgment.

"Exceptions to any decision made after judgment may be presented to the judge at the time of such decision, and be settled or noted as provided in the next preceding section, *or a bill thereof may be presented and settled afterwards as provided in section 104-39-4, and within like periods after the entry of the order, upon appeal from which such decision shall be reviewable.*" (Italics added.)

The foregoing provisions of our statutes are comparable to Sections 650, 649 and 651, respectively, of the California Code of Civil Procedure as they read prior to some of the recent amendments of that Code. In commenting on Sec. 651 of Cal. Code of Civ. Proc., in 2 Cal. Jur. sec. 287, appears the following observation: "* * * As there can be only one judgment in an action, it follows that if for any reason a judgment that has been entered is vacated, and another judgment entered in lieu thereof, this last judgment becomes the only one in the case, and the notice of its entry is the point of time from which the right to have a bill of exceptions settled begins to run."

It will be noted that Section 104-39-4 of our Code does not by its terms start the time running from the date of entry of the order sought to be reviewed in the event an appeal is eventually taken from a final judgment. The earliest date when the time for setting a bill of exceptions begins to run is the entry of judgment. In view of the provisions of Section 104-41-1 which provide for appeals as of right only from final judgments, we construe the word "judgment" in Section 104-39-4 to mean "final judgment."

The fact that exceptions must ordinarily be settled by the particular judge before whom the trial proceedings were conducted, and the fact that there must be two bills of exceptions or two judges who settle bills of exceptions or parts of bills of exceptions if each of two trials was had before a different judge, do not compel the conclusion that an appellant cannot wait until after final judg-

ment to settle his bill of exceptions as to both trials. The statutes apparently give the party the choice of settling exceptions at the time the decision or adverse order is made or entered, or after final judgment when the right of appeal accrues. As stated in *Turner* v. *Hearst*, 115 Cal. 394, 47 P. 129, 130, in construing the California Code when its provisions were substantially the same as our code provisions relating to settling bills of exceptions:

"* * * It is the duty of a litigant desiring to have a ruling or decision reviewed to present the bill of exceptions, embodying the matters excepted to, to the judge who made the ruling or decision, for settlement by him. * * * Appellant could have presented his bill of exceptions to Judge Slack either at the time of the ruling, (Code Civ. Proc. § 649), or after the judgment (Id. § 650; *Tregambo* v. *[Comanche Mill &]* *Mining Co.*, 57 Cal. 501); but, whichever course he elected to pursue, it was still the judge who made the ruling who should have settled the bill. Under such circumstances, appellant may have two or more bills settled and properly presented for the consideration of this court."

We quote the foregoing to show that at a time when the California Code provisions were substantially the same as those of our own code, the Supreme Court of that state evidently construed those sections to mean that a party may elect either to settle exceptions at the time of the adverse decision or ruling, or wait until after entry of final judgment.

We are of the opinion, and so hold, that the right to have exceptions settled prior to entry of final judgment of appealable order as authorized in Section 104-39-5 is a permissive method only and that such privilege does not preclude waiting until after a final judgment is entered. See 8 Brancroft Code Prac. & Remedies, Sec. 6802-6816. The use of the word "may" in Sections 104-39-4, 5 and 6, indicates that no one method is exclusive or mandatory. Hence, the time within which a party must prepare, serve and settle his bill of exceptions does not in any case begin to run until a final judgment is entered. If an extension of time is granted within the time limited by statute,

such order extending the time relates to settlement of a bill or of bills of exceptions covering all matters which the appellant desires to have reviewed on appeal. In this case Judge Ellet granted an extension of time for preparation, service and settlement of a bill of exceptions. Such order in general terms not only was sufficient to cover matters relating to the trial conducted before him, but also the proceedings and trial before Judge Leverich. As far as possible the appropriate procedure is to obtain the order from the judge who enters the final judgment from which the appeal is sought to be taken.

Two Nebraska cases are cited by defendants in support of their contentions that the time for settling a bill of exceptions, relating to a trial which resulted in a judgment which was set aside on motion for a new trial, begins to run from the date of the decision granting a new trial: *State* v. *Ambrose,* 47 Neb. 235, 66 N. W. 306, and *State ex rel. Morton* v. *Dickinson,* 56 Neb. 251, 76 N. W. 543. The reasoning of these cases does not impel us to a like result in the instant case. They arose under statutes differing from our own. They date back to a time when there were no official court reporters, and exceptions were not settled on the basis of an official transcript of a court reporter's shorthand notes, but on the basis of the accuracy of the recollection of the trial judge. That system of procedure is pointed out in *State ex rel. Farmers' Mut. Ins. Co.* v. *Colby, Dist. Judge,* 107 Neb. 372, 186 N. W. 355, at page 356.

We proceed to consider defendants' second contention, viz., that plaintiff did not take or preserve a proper exception to the ruling and order of the court granting defendants a new trial. It is pointed out that no exception was shown in the record or in the minutes, and that the transcript of the proceedings relating to the first trial contains no statement of any exception. Plaintiff, in answer to such contention, reposes on the express provisions of the statute on exceptions. Section 104-39-2, U. C. A. 1943, specifies what rulings, decisions and orders made during the course of judicial proceedings are deemed

excepted to. Included is "an order or decision made in the absence of a party." In this case the motion for new trial was argued on December 20, 1941. The matter was taken under advisement and the court made its ruling thereon on December 31, 1941. At the time of argument, plaintiff submitted a motion to amend his petition to read that this ruling was made "in the absence of plaintiff and her attorney." In the light of the fact that customarily when a motion for a new trial is taken under advisement at the time of argument thereof, the ruling made thereon does not await the presence of the parties or counsel, and hence, that such allegation in all probability conforms to the fact, the proposed amendment is allowed. In view of the fact so alleged the order or decision granting a new trial was by virtue of the statute deemed excepted to. Hence, defendants' second contention fails.

The next contention of defendants, viz., that although no notice of the granting of the motion for a new trial by Judge Leverich was ever served on plaintiff, such notice was waived by subsequent conduct of plaintiff, need not be considered in view of our holding that the time for settlement of exceptions relating to the first trial did not begin to run until entry of an appealable order or judgment.

Defendants also urge that no bill of exceptions in proper form or with the required content, relating to the first trial, was ever served or presented for settlement, and that the judge did not abuse his judicial discretion in refusing to settle such as a bill of exceptions. Defendants make the following contentions in particular: (a) That the proposed bill of exceptions did not include a copy of the minute order or decision granting a new trial, and that the record therefore could not be reviewed on appeal anyway. (b) That only the court reporter's transcript was submitted as a proposed bill of exceptions relating to the original trial, and that it contained no recitals showing that it was intended as a bill of exceptions. (c) That the proposed bill was incomplete and insufficient, in that none of the exhibits or a copy of the notice of motion for new trial or any other

matters contained in the files were included, or even incorporated therein by reference.

Matters which are included in the judgment roll, deemed excepted to by statute, need not be included in a bill of exceptions; nor is it required that the judgment roll be served on the adverse party. Section 104-30-14 specifies that the judgment roll includes "all bills of exceptions taken and filed, all orders, matters and proceedings deemed excepted to without a bill of exceptions." If an exception is deemed to be taken, and the order to which the exception is automatically taken constitutes a part of the judgment roll, an appellant is not required to separately state or repeat or copy it into the bill of exceptions, inasmuch as the bill of exceptions when settled in reality is a part of the judgment roll.

In order to have this court review the order granting the motion for a new trial, plaintiff's counsel submitted to the attorneys for defendants in that suit a certified transcript of the official court reporter's shorthand notes covering the first trial, and on a separate form the attorneys acknowledge service of it as a proposed bill of exceptions. Counsel for plaintiff prepared a stipulation for settlement and an order for settlement based on stipulation. He asserts, by affidavit, that such stipulation and order were attached to the transcript of the evidence certified by the official court reporter at the time such transcript was served on counsel for defendant. Counsel for defendant, by affidavit assert the contrary. It is however, not denied that on the day such transcript was delivered to counsel for defendant he acknowledge service thereof as a bill of exceptions. The form of stipulation and the form of order, if signed, would have incorporated by reference the various orders and proceedings subsequent to each of the two trials. Counsel for defendants declined to join in the proposed stipulation for settlement, and without proposing any amendments or corrections or additions, filed objections on the ground that the proposed bill was not in proper form and failed "to contain any record sufficent to show that said proposed bill of

exceptions had been served within time." Complaint was made also that there was no preliminary recital showing that it was proposed as a bill of exceptions or even as part of a bill of exceptions.

As illustrated by Mr. Justice Straup in *Little* v. *Gorman*, 39 Utah 63, at page 68, 114 P. 321, at page 322:

"* * * A bill of exceptions now no longer serves any purpose to advise the trial court in passing on a motion for a new trial. It generally is prepared, served, and settled after the motion for a new trial has been overruled, if such a motion was made. When presented for settlement, the case is beyond the reach of the trial court with respect to its power of reviewing its own rulings and of correcting errors. Now the entire transcript of the official stenographer's notes showing all the evidence adduced, the objections and rulings made, the exceptions taken, and the proceeding had may be, and generally is, served and settled and allowed as and for the bill of exceptions, to which may be added whatever proceedings may have been had subsequent to the trial and judgment, and which may be desired to be presented and reviewed. Such bill so settled, together with the judgment roll, consisting of the pleadings, the verdict, or findings, the judgment, instructions requested or given, and all orders and proceedings deemed excepted to without a bill of exceptions, constitute the record on appeal. * * *"

While, of course, the usual and proper practice is to make reference by recitals showing definitely what is proposed as a bill of exceptions, what matters are incorporated therein by reference, such as exhibits and matters not a part of the judgment roll, we are of the opinion that the lack of formality in this case was not fatal. Counsel for defendants were doubtless apprised of what was tendered as plaintiff's proposed bill. Section 104-39-4, which relates to service of a proposed bill of exceptions, prescribes no particular form. Exclusive of exceptions deemed by statute to have been taken, the statute last cited provides that:

"The exceptions must be stated with so much of the evidence or other matter as is necessary to explain them. *The reporter's notes of the evidence may be stated.* Documents or exhibits on file or offered in evidence in the action or proceeding *may be copied*, or the substance

thereof stated, *or a reference thereto sufficient to identify them may be made."* (Italics added.)

The fact that the exhibits were not included in the bill of exceptions would not justify a refusal to settle it. In some cases reference to exhibits either by a copy thereof or incorporation of the same by reference ▮ may be omitted by reason of the fact the appellant deems them unnecessary to the determination of any issue to be raised on appeal. The aforesaid Section 104-39-4 also provides that within ten days after service of the proposed bill of exceptions on the adverse party, such adverse party "may propose amendments thereto."

Clearly, one of the reasons for according to the respondent or adverse party the right to propose amendments is to give the latter an opportunity to have included in the bill of exceptions parts of the record omitted by the appellant. In this case, if the defendants in the action con- ▮ sidered the bill of exceptions to be incomplete for failure to include copies of exhibits or to incorporate the same therein by reference or for failure to include a copy of the notice of motion for new trial or other matters, it was the privilege of said defendants to propose corrections, additions or amendments. This is particularly true if they deemed such bill to be incomplete and in consequence thereof to present a bill of exceptions which might prejudice their right to a proper and adequate review. Both parties should be concerned with having matters in issue properly presented on appeal.

Nor do we agree with the theory that the trial judge to whom a bill is presented for settlement must either approve or reject on objections made. Section 104-39-4 (5) makes it the duty of the trial judge to strike out of any bill of exceptions, any useless and redundant ▮ matter. Under the power there given we believe he has the correlative duty to see to it that the bill of exceptions is correct when settled. It is within his province to see to it that any error or ommission is corrected, whether

discovered on his own observation or called to his attention on requests for correction or by objections. A judge may amend a proposed bill of exceptions to make it speak the truth even if the opposite party proposes no amendments. *Hyde* v. *Boyle*, 89 Cal. 590, 26 P. 1092. This does not mean that the trial judge shall limit or enlarge the scope of issues which the parties desire to have determined by appeal, nor that he may dictate the form, content and substance of a bill of exceptions. A trial judge may, however, require amendments and corrections to overcome errors, as a condition for settling the bill. *Hertter* v. *Addis*, 89 Cal. App. 160, 265 P. 298.

Ordinarily where the adverse party proposes no amendments, if the court settles the bill such party failing to propose amendments may not afterward challenge the correctness or completeness of the bill. *Karenius* v. *Merchants' Protective Ass'n*, 65 Utah 183, 235 P. 880. If the adverse party deems a bill of exceptions deficient, his general remedy is to propose amendments to correct the same and supply omissions rather than to move to strike the bill, for the statutes generally favor amendment. See *State ex rel. Fowler* v. *Steiner, Judge*, 51 Wash. 239, 98 P. 609. Defendants in this case did not propose any amendments. They, in so far as this phase is concerned, merely objected to settlement on the ground that certain items were omitted, which the defendants, it would appear, were interested in having incorporated into the bill. The court might very properly have required amendment in those particulars.

It appears from the record that defendant judge did not take a contrary view in this matter. Plaintiff, by her petition, alleges that the judge's refusal to settle the bill was solely on the ground that it was not served in time, and such allegation is not denied by him.

From what has been said, it follows that a peremptory writ should issue directing the district court to settle the bill of exceptions relating to the first trial and proceedings relating thereto, subject to the right of the court to correct

any error or to require such amendment or addition as the trial court shall find to be essential to remedy any omission. It is so ordered.

WOLFE, C. J., and LARSON and WADE, JJ., concur.

MOFFAT, J., deceased.